UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DIRK H. KANCILIA,<br><br>Defendant. | Case No. 19-cr-01612-BAS-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (ECF No. 44)** |

On October 7, 2020, this Court sentenced Defendant to twelve months and a day in custody following his guilty plea to conspiracy to commit honest services mail fraud and health care fraud. (ECF No. 38.) Defendant now moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 44 ("Motion").) The Government opposes. (ECF No. 47 ("Government's Response").) For the reasons stated below, the Court **DENIES** the Motion.

I.  **BACKGROUND**

Defendant was a chiropractor who conspired to facilitate the payment of unlawful kickbacks and bribes to doctors in exchange for the doctors' referrals of patients to receive certain medical services. (ECF No. 15 ("PSR") ¶¶ 13–17.) He pled guilty to conspiracy to commit honest services mail fraud and health care fraud. (PSR ¶ 1.) On October 7, 2020, the Court sentenced him to twelve months and a day in custody. (ECF No. 38.)

Because of Defendant's medical condition and concerns about COVID-19, the Court postponed his self-surrender date until January 6, 2021. (ECF No. 36.)

On December 30, 2020, Defendant filed a Motion for Reconsideration of his Sentence in light of the recent COVID-19 surge. (ECF No. 40.) In part, Defendant argued that vaccines had recently been approved and it was uncertain whether he would be eligible for the vaccine while in custody. (*Id.*) The Court denied the Motion (ECF No. 41), and on January 6, 2021, Defendant surrendered to begin serving his sentence. (ECF No. 42.)

Defendant has completed the custodial part of his sentence and has been released to Rubidoux RRC in Riverside County. (Government's Response, Exh. B.) Rubidoux currently reports three active COVID-19 cases among inmates. *See* Bureau of Prisons ("BOP") Covid-19 Cases, https://www.bop.gov/coronavirus (last visited Aug. 19, 2021). Defendant will be eligible for release to home confinement on October 8, 2021. (Government's Response, Exh. C.) He moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), so that he can be released to home confinement immediately because of the risk he is facing from COVID-19. (Motion.)

Defendant has serious medical conditions. He argues that these medical conditions, including congestive heart failure, ventricular trigemini, cardiomyopathy, high blood pressure, diabetes, polycythemia, high BMI, and chronic kidney disease make him particularly susceptible should he contract COVID-19 and that avoiding exposure to the disease is difficult in the crowded RRC. (Motion.)

There is some question about Defendant's vaccination status. Medical records from the BOP document that he declined to receive the COVID-19 vaccination on multiple occasions while in custody. (ECF No. 50, pg. 134 (3/1/21), 141 (2/22/21), and 148 (2/3/21).) The stated reason for declining the vaccine is "received [sic] 12/20 outside 'CVS' pharmacy." (ECF No. 50, pg. 148.) This suggests that Defendant may have already received the vaccine before entering custody, which is somewhat curious since his Motion filed on 12/30/20 expressed concern that he would not be able to be vaccinated once he

was taken into custody. In any case, he has either received the vaccine or has been offered the vaccine and declined it.

Defendant documents that before filing this Motion he requested compassionate release from the Warden at the facility where he was being housed, but received no response. (Motion, Appendix 1-2.)

## II.    ANALYSIS

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 825–26 (2010). A narrow exception, compassionate release, allows a court to reduce a sentence for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).

However, a court may only consider a defendant's motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* Since Defendant provides proof that he requested relief from the Warden of his facility and received no response for more than 30 days, Defendant has exhausted his administrative remedies before filing this Motion.

If the exhaustion requirement is met, a court may modify or reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*; *see also United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (noting there is currently no binding sentencing policy statement for a defendant's motion filed under 18 U.S.C. § 3582(c)(1)(A)). As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Holden*, 452 F. Supp. 3d 964, 966 (D. Or. 2020).

Although the Court finds that Defendant demonstrates he has severe medical conditions which could place him at risk if he were to contract COVID-19, the Court agrees

with the Seventh Circuit that "for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 802 (7th Cir. 2021). *See also United States v. Del Rosario Martinez*, __F. Supp. 3d__, 2021 WL 956158, at *3 (S.D. Cal. Mar. 10, 2021) ("Defendant's 'vaccination significantly mitigates the risk that []he will contract COVID-19' much less become seriously ill.") (quoting *United States v. Grummer*, No. 08-cr-4402-DMS, 2021 WL 568782, at *2 (S.D. Cal. Feb. 16, 2021)). Nor does Defendant avoid this conclusion if he were to demonstrate that he declined to be vaccinated despite offers from the BOP. *Broadfield*, at 802 ("[A] prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as 'extraordinary and compelling' reason for release. The risk is self-incurred.").

Whether Defendant received the vaccine back in December of 2020, or is not vaccinated despite multiple offers from the BOP to vaccinate him, he cannot now claim that his medical risk from COVID-19 constitutes "extraordinary and compelling" reasons for release. Thus, the Court denies the motion.

### III.   CONCLUSION

Defendant's Motion to reduce his sentence pursuant to 19 U.S.C. § 3582(c)(1)(A)(i) is **DENIED**. (ECF No. 44.) Further, the Court directs the Clerk to update Defendant's mailing address.

**IT IS SO ORDERED.**

**DATED: August 20, 2021**

Hon. Cynthia Bashant
United States District Judge